

**FILED**
**Mar 22, 2018**
**07:15 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| William Simpson, | ) | Docket No. 2017-08-0805 |
|      Employee, | ) | |
| v. | ) | |
| City Auto, LLC, | ) | State File No. 46115-2017 |
|      Employer, | ) | |
| And | ) | |
| Accident Fund, | ) | Judge Deana Seymour |
|      Carrier. | ) | |

## EXPEDITED HEARING ORDER

William Simpson filed a Request for Expedited Hearing seeking medical and temporary disability benefits for an alleged work-related fall. City Auto denied the claim as idiopathic. This Court held a hearing on February 26, 2018. The controlling issue is whether Mr. Simpson sustained an injury arising primarily out of and in the course and scope of his employment, thus entitling him to the requested benefits. Because Mr. Simpson proved a likelihood of succeeding on the merits of this claim, the Court grants his requests.

### History of Claim

Mr. Simpson claimed he suffered from heat exhaustion, which caused him to fall while working as a mechanic for City Auto on June 20, 2017. Mr. Simpson testified that he was working in a hot, humid shop with industrial fans but no air conditioner. He began to feel light-headed, so he walked to another building to cool down and discuss work with his supervisor, Stephanie Oaks.

Ms. Oaks recalled a pale Mr. Simpson trying to discuss vehicle repairs with her. Suddenly, his speech slurred, he stumbled, lost consciousness, fell back and hit his head on the concrete floor. She testified Mr. Simpson did not complain of the heat or tell her of his dizziness before he fell. She confirmed Mr. Simpson's work area was hot but testified the area had industrial fans with cool towels and an air-conditioned lounge to escape the

1

heat.

Other City Auto employees also testified about the incident. Relationship Manager Pricilla Guy described Mr. Simpson's fall as "hard and loud." She agreed that the work area was hot. Service advisor Graham Bryant recalled, "Everybody was hot." Mr. Bryant stated that City Auto furnished water and Gatorade to its employees. He heard Mr. Simpson's slurred speech and watched him stumble and fall. Mr. Simpson's head bled, he "zoned out," was unaware of the fall and wanted to return to work. However, Mr. Bryant insisted he go to the hospital.

Mr. Simpson refused to go to the hospital by ambulance,[1] so a co-worker took him home. Mr. Simpson's wife immediately drove him to the hospital, where Dr. Ahmad Al-Hamda, a neurologist, treated Mr. Simpson for multifocal intracranial hemorrhages, a traumatic subdural hematoma, a subarachnoid hemorrhage and a traumatic headache.[2] Mr. Simpson remained hospitalized until July 6.

After discharge, City Auto denied the claim as idiopathic. Nevertheless, Mr. Simpson continued to treat with Dr. Al-Hamda on his own. Dr. Al-Hamda recommended additional testing, physical therapy, and an ENT evaluation for vertigo. He also referred Mr. Simpson to a pain clinic. On July 23, Mr. Simpson received emergency treatment for stroke symptoms. He was diagnosed with a soft spot on his head and a bleeding brain.

Mr. Simpson followed up with Dr. Al-Hamda on August 7. He diagnosed Mr. Simpson with post-traumatic concussion syndrome, post-traumatic headaches, post-traumatic seizures and cognitive decline. He related Mr. Simpson's injuries to his hot working conditions and concluded that the head trauma contributed more than fifty percent to Mr. Simpson's current symptoms.

Mr. Simpson filed a Petition for Benefit Determination on October 9, 2017, seeking workers' compensation benefits. Based on his wage statement, Mr. Simpson's average weekly wage is $836.68, which results in a compensation rate of $557.82.

## Findings of Fact and Conclusions of Law

### *Standard Applied*

At an expedited hearing, Mr. Simpson need not prove every element of his claim by a preponderance of the evidence but must come forward with sufficient evidence from which the trial court can determine that he is likely to prevail at a hearing on the merits.

---

[1] Mr. Simpson testified that his wife was sick, and he thought it better for her to see him when she learned of his accident.

[2] Mr. Simpson did not have any prior, significant head injuries.

*McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). This lesser evidentiary standard does not relieve Mr. Simpson of the burden to produce evidence of an injury by accident that arose primarily out of and in the course and scope of employment, but "allows some relief to be granted if that evidence does not rise to the level of a "preponderance of the evidence."" *Buchanan v. Carlex Glass Co.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Sept. 29, 2015).

## Causation

The Workers' Compensation Law defines "injury" as an "injury by accident . . . arising primarily out of and in the course and scope of employment, that causes . . . the need for medical treatment." Tenn. Code Ann. § 50-6-102(14) (2017). An injury is accidental if it is "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence[.]" Tenn. Code Ann. § 50-6-1021(14)(A). "An idiopathic injury is one that has an unexplained origin or cause and generally does not arise out of the employment unless 'some condition of the employment presents a peculiar or additional hazard.'" *McCaffery v. Cardinal Logistics,* 2015 TN Wrk. Comp. App. Bd. LEXIS 50, at *9-11 (Dec. 10, 2015)(internal citations omitted). An injury resulting from an idiopathic condition is compensable "if an employment hazard causes or exacerbates the injury." *Id.* at 10. "Cause" in this context means that the accident originated in the hazards to which the employee was exposed as a result of performing his or her job duties. *Id.* at *11.

Here, Mr. Simpson recalled that on June 20, he was working in a hot, humid, and dusty shop when he began feeling ill. He went to another building to tell his supervisor that he did not feel well and needed to go home early. He could not recall the fall, but his co-workers could. They all remembered June 20 as a hot Memphis day. They saw Mr. Simpson enter the building, stumble and fall backwards, hitting his head on the concrete floor.

The only medical proof came from Dr. Al-Hamda, who admitted Mr. Simpson to ICU the day of his fall. Dr. Al Hamda related the fall to Mr. Simpson's hot work environment and stated Mr. Simpson's injuries were more than fifty percent related to the fall.

Based on this evidence, the Court holds Mr. Simpson came forward with sufficient proof to show he is likely to succeed at proving causation at a hearing on the merits.

## Medical Benefits

City Auto denied Mr. Simpson's claim and never provided medical benefits. Since Mr. Simpson showed his likelihood of success in proving causation at a hearing on the merits, City Auto is required to provide medical benefits. Designation of an authorized

treating physician is typically accomplished through a panel of physician offered by the employer from which the employee may select his ATP. *See* Tennessee Code Ann. § 50-6-204(a)(3)(A)(i). However, if an employer fails to provide a panel, it risks having to pay for all reasonable and necessary medical expenses incurred by an employee for treatment with an unauthorized physician and also risks having to provide continuing care with the unauthorized physician. *See Young v. Young Elec.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 24, at *16-17 (May 25, 2016) (holding that the employer who failed to set an appointment with the panel physician was required to provide continued care with the unauthorized physician who treated the employee).

Here, Dr. Al-Hamda began treating Mr. Simpson since the day of his injury. Thus, the Court finds Mr. Simpson is entitled to payment of his medical bills and for ongoing treatment according to Tennessee Code Annotated section 50-6-204. The Court designates Dr. Al-Hamda as the authorized treating physician for ongoing treatment.

### Temporary Disability Benefits

To receive temporary total disability benefits, Mr. Simpson must show (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Constr. Co., Inc.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). An employee may recover temporary total disability benefits until the employee is able to return to work or attains maximum medical improvement. *Jones v. Crencor Leasing and Sales,* 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

The unrebutted evidence is that Dr. Al-Hamda took Mr. Simpson off work from June 20 to the present because of his work injury. Thus, Mr. Simpson is entitled to $21,754,98 in past temporary disability benefits based on a compensation rate of $557.82, as well as continuing temporary disability benefits until he reaches maximum medical improvement or is able to return to work.

### Attorneys' Fees

Mr. Simpson's counsel requests attorneys' fees under Tennessee Code Annotated section 50-6-226(d)(1)(b). This statute does not set a time for attorneys' fee awards, but the Appeals Board stated:

> Given the uncertainties inherent in litigation, the limited issues typically addressed at expedited hearings, the fact that discovery and medical proof often are incomplete at an interlocutory stage of a case, the standard of proof that applies at expedited hearings, and the fact that a trial judge's determinations at an interlocutory hearing are subject to change at any time

4

prior to the entry of a final compensation hearing order, a decision to award attorneys' fees and expenses at an interlocutory stage of a case should be made only in extremely limited circumstances.

*Thompson v. Comcast Corp.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *22-32 (Jan. 30, 2018). The Court holds this case does not fall within "extremely limited circumstances" to justify an award of attorneys' fees at this interlocutory stage. Thus, the Court denies this request at this time.

*Penalty Referral*

Tennessee Code Annotated sections 50-6-118(a)(3) and (12) authorize the Bureau of Workers' Compensation to consider the establishment and collection of a penalty for bad-faith denial of claims and the "[f]ailure of an employer to timely provide a panel of physicians that meets the statutory requirements of this chapter." As indicated above, the Court holds City Auto denied Mr. Simpson's claim despite eyewitness testimony of the accident and the only treating physician relating the injury to work. For those reasons, the Court refers City Auto to the Bureau's Penalty Division for investigation.

**IT IS, THEREFORE, ORDERED** as follows:

1. City Auto shall pay Mr. Simpson's medical bills to date and continue to provide medical benefits made reasonably necessary by the injury of June 20, 2017. The Court designates Dr. Al-Hamad as the authorized treating physician for ongoing treatment.

2. Mr. Simpson's request for attorneys' fees under Tennessee Code Annotated section 50-6-226(d)(1)(B) is denied at this time.

3. City Auto shall pay Mr. Simpson accrued temporary total disability benefits at his compensation rate of $557.82 from June 20, 2017, through the date of this Order, totaling $21,754.98. It shall continue making those payments until Dr. Al-Hamad releases him to return to work or places him at maximum medical improvement.

4. The Court refers City Auto to the Bureau's Penalty Division for investigation of penalties under Tennessee Code Annotated sections 50-6-118(a)(3) and (11).

5. This matter is set for a Scheduling Hearing on **June 4, 2018, at 10:00 a.m. central time.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Hearing. Failure to call may result in a determination of the issues without your participation.

6. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED March 22, 2018.**

**JUDGE DEANA C. SEYMOUR**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Medical records with Table of Contents (Collective)
2. Form C-41 Wage Statement
3. Form C-23 Notice of Denial of Claim for Compensation
4. Form C-20 Employer's First Report of Work Injury or Illness
5. Medical notes from Eric Jerome Steele, M.D., dated June 20, 2017
6. Medical notes from Smriti Chuke, M.D., dated June 30, 2017
7. Causation response letter from Ahmad Al-Hamda
8. January 22, 2018 letter from Ahmad Al-Hamda


Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing, with attached Affidavit of William Simpson
4. Pre-Hearing Brief of William Simpson, with attachments
5. Employer's Pre-Hearing Statement
6. Employer's Witness List
7. Employer's Exhibit List

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent to these recipients by the following methods of service on March 22, 2018.

| Name | Certified Mail | Fax | Regular mail | Email | Sent to |
|---|---|---|---|---|---|
| Monica Rejaei, Employee's attorney | | | | X | mrejaei@nstlaw.com |
| Gordon Aulgur, Employer's attorney | | | | X | gordon.aulgur@accidentfund.com |
| Penalty Division | | | | X | WCCompliance.Program@tn.gov |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov